UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MERMAID MAFIA, LLC d/b/a
MERMAID VODKA, d/b/a
MERMAID VODKA MADE IN
USA, and d/b/a GET HOOKED
ON MERMAID VODKA
   1564 Stickney Point Road
   Sarasota, Florida  34231

      *Plaintiff*,

   *vs*.

ISLE of WIGHT DISTILLERY
d/b/a
MERMAID GIN SMALL BATCH
ISLE OF WIGHT
   Pondwell Hill, Seaview
   Ryde, UK PO331PX

      *Defendant.*
_____

Civil Action No.
_____

**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT,
FEDERAL UNFAIR COMPETITION, FEDERAL DILUTION, FEDERAL
ANTI-CYBER PIRACY, FLORIDA TRADEMARK INFRINGEMENT,
DILUTION AND UNFAIR COMPETITION AND VIOLATIONS OF THE
FLORIDA DECEPTIVE
<u>AND UNFAIR TRADE PRACTICES ACT</u>**

Plaintiff, MERMAID MAFIA, LLC d/b/a MERMAID VODKA, ("Plaintiff"

or "MERMAID VODKA"), by and through counsel, brings this action against

Defendant, ISLE of WIGHT DISTILLERY ("Defendant" or "MERMAID GIN")

seeking appropriate relief under the Federal Trademark Statute and other causes of action.  In support of its claims, Plaintiff states as follows:

## PARTIES

1. Plaintiff is a limited liability company with its principal place of business at 1564 Stickney Point Road, Sarasota, Florida  34231.  Plaintiff is the owner of U.S. Trademark Registrations for the marks and designs of **MERMAID VODKA**, **MERMAID VODKA MADE IN USA**, and **GET HOOKED ON MERMAID VODKA**.

2. Defendant is a European Company in the United Kingdom with its principal place of business at Pondwell Hill, Seaview, Ryde, UK PO331PX.  Defendant has filed U.S. Trademark Applications for the marks **WIGHT MERMAID**, **MERMAID GIN SMALL BATCH ISLE OF WIGHT (Stylized)** and **NAKED MERMAID**, the latter of which has matured to registration, based upon a prior Swiss registration ("Isle of Wight **MERMAID** marks").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121. Further, this Court possesses diversity jurisdiction over this action insofar as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest or costs, and is between citizens of different states as provided in 28 U.S.C. § 1332(a)(1). Additionally, this Court

has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) insofar as these claims are so related to the federal claims in the action that they form part of the same case or controversy.

4. This Court has personal jurisdiction over Defendant arising under the Lanham Act. Defendant operates a website accessible within the United States https://isleofwightdistillery.com/and filed applications to register marks with the United States Patent and Trademark Office. Defendant plans to conduct business within the U.S. market.

5. Venue is properly placed in this district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this District.

## BACKGROUND

6. Plaintiff is a premium American-made vodka brand headquartered in Florida and currently distributes its brand throughout the entire State of Florida. Plaintiff promotes and advertises its brand to serve customers across the United States.

7. Plaintiff is the owner of U.S. trademark Registration No. 5,692,346 **MERMAID VODKA**, U.S. trademark Registration No. 5,621,278 **MERMAID VODKA MADE IN USA**, and U.S. trademark Registration No. 5,621,277 **GET HOOKED ON MERMAID VODKA.** The registrations are valid, subsisting and

3

incontestable. Plaintiff works zealously to protect its rights to these names. Copies of the trademark registration certificates are attached and made a part hereof as **Exhibit 1**.

8. Plaintiff adopted a distinctive design mark featuring a gold map with black markings on top of a blue background and a mermaid sitting on a silver fishhook with black outlines. The design mark has been used in commerce continuously and without interruption since 2017.

9. Plaintiff promotes its products in the United States under the **MERMAID VODKA**, **MERMAID VODKA MADE IN USA**, and **GET HOOKED ON MERMAID VODKA** names and marks via the domain name https://www.mermaidvodkausa.com/ on the World Wide Web. Attached and made a part hereof as **Exhibit 2** are copies of pages downloaded from the World Wide Web.

10. On or about 2019, Plaintiff filed an application to register its trademark and design **GET HOOKED ON MERMAID VODKA** in the European Union. This application was blocked based on Defendant's registration of **MERMAID GIN** in the Europe. Plaintiff subsequently requested a Letter of Consent from Defendant that was denied. Defendant warned Plaintiff to stay out of the European markets. As a result, Plaintiff withdrew its application to register **GET HOOKED ON**

**MERMAID VODKA** in the Europe and to this date has not entered the European market.

11. Defendant promotes its products in the United Kingdom under https://isleofwightdistillery.com/ on the World Wide Web. Attached and made a part hereof as **Exhibit 3** are copies of pages downloaded from the World Wide Web.

12. Upon information and belief, Defendant intends to promote its products using its Isle of Wight **MERMAID** marks in the United States.

13. Plaintiff, in writing, has explained to Defendant the nature of its complaint and demanded it cease its unauthorized use of its mark, but Defendant continue to persist in such infringing and violative activities. Attached and made a part hereof as **Exhibit 4** is a copy of the cease and desist letter Plaintiff's counsel sent to Defendant's counsel on August 12, 2021.

## NATURE OF ACTION

14. Plaintiff promotes its services under the under the **MERMAID VODKA**, **MERMAID VODKA MADE IN USA**, and **GET HOOKED ON MERMAID VODKA** throughout the United States and has continuously done so for over 4 years. Plaintiff has continuously used these marks in connection with its business since that time.

15. For many years, Plaintiff has spent substantial amounts in advertising and promoting services offered under its **MERMAID VODKA**, **MERMAID VODKA**

**MADE IN USA**, and **GET HOOKED ON MERMAID VODKA** marks and designs.

16. As a result of its efforts, Plaintiff has developed valuable trademark rights including common-law rights in its mark, its **MERMAID VODKA**, **MERMAID VODKA MADE IN USA**, and **GET HOOKED ON MERMAID VODKA** marks and designs extending nationwide.

17. Plaintiff's marks, as applied to spirits, are strong, fanciful designations, entitled to a broad scope of protection, especially considering the extent of advertisement and years of customer service in the industry by Plaintiff under these designations.

18. As a result of Plaintiff's long, extensive, exclusive, and continuous use of its **MERMAID VODKA**, **MERMAID VODKA MADE IN USA**, and **GET HOOKED ON MERMAID VODKA** marks and designs in connection with its business, the enormous public exposure due to it through promotion and excellent customer service the names and marks have acquired secondary meaning and have become extremely well and favorably known as a designator of origin for Plaintiff's products. The trademarks **MERMAID VODKA**, **MERMAID VODKA MADE IN USA**, and **GET HOOKED ON MERMAID VODKA** serve to identify the source of Plaintiff's products.

19. Because of the likely confusion as to the source of Defendant's services by Defendant's use of its Isle of Wight **MERMAID** marks, Plaintiff's goodwill in its **MERMAID VODKA**, **MERMAID VODKA MADE IN USA**, and **GET HOOKED ON MERMAID VODKA** marks and designs has been and will be damaged.

20. Defendant's continuing infringing activity demonstrates a willful and bad faith intent to create confusion, deception, and mistake in the minds of both Plaintiff's consumers and potential consumers and in the minds of Defendant's consumers and potential consumers.

## **COUNT I: FEDERAL TRADEMARK INFRINGEMENT**

21. Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 20, inclusive above.

22. Plaintiff, due to its Federal Trademark Registration, possesses valid and superior common-law and federal statutory rights in the **MERMAID GIN SMALL BATCH ISLE OF WIGHT** marks and designs, Plaintiff's goodwill in its **MERMAID VODKA**, **MERMAID VODKA MADE IN USA**, and **GET HOOKED ON MERMAID VODKA** marks and designs.

23. By reason of Plaintiff's prior adoption and use of its marks and its federally registered design trademarks, Plaintiff's rights are superior to and supersede any rights Defendants may have in the Isle of Wight **MERMAID** marks.

24. Defendant was on constructive notice of the existence of Plaintiff's rights to the **MERMAID VODKA**, **MERMAID VODKA MADE IN USA**, and **GET HOOKED ON MERMAID VODKA** marks and designs, by reason of the existence of Plaintiff's federal trademark registrations and by reason of its prior consent request sent to Defendant in 2019, as noted in above.

25. Defendants had actual knowledge of Plaintiff's prior and superior rights to the **MERMAID VODKA**, **MERMAID VODKA MADE IN USA**, and **GET HOOKED ON MERMAID VODKA** names and to its Federally registered marks.

26. On information and belief, Defendant intend to promote products similar to those of Plaintiff under the Isle of Wight **MERMAID** marks.

27. The use by Defendant of **the** Isle of Wight **MERMAID** marks are without the permission or authorization of Plaintiff.

28. The class of customers for the products offered by Defendant is the same class of customers to whom Plaintiff offers its products.

29. In view of the substantially identical nature of the parties' products, the confusing similarity caused by the use of the same trademarks by the two parties, and the substantially similar channels of trade and classes of purchasers of the parties' products, Defendant's continued use of **MERMAID** and design marks are likely to cause confusion, mistake, and deception among purchasers and the public generally, leading them to believe, falsely, that Defendant's products are those of,

sponsored or approved by, or in some way connected with Plaintiff, to the irreparable injury of Plaintiff and the public. Despite such a likelihood of public confusion, mistake, or deception, Defendant are presently pursuing their **MERMAID GIN SMALL BATCH ISLE OF WIGHT** mark, disregarding Plaintiff's demands that Defendant cease this activity.

30. On information and belief, Defendant's acts complained of herein have for their objective the willful appropriation of Plaintiff's right in the **MERMAID VODKA**, **MERMAID VODKA MADE IN USA**, and **GET HOOKED ON MERMAID VODKA** marks and designs and of the valuable goodwill of Plaintiff's business, thereby unlawfully benefitting Defendant.

31. On information and belief, the continued use of the **MERMAID** and design marks by Defendant will be likely to injure the business and reputation of Plaintiff and will damage the distinctive quality of Plaintiff's **MERMAID VODKA**, **MERMAID VODKA MADE IN USA**, and **GET HOOKED ON MERMAID VODKA** marks and designs and federally registered trademark.

32. Defendant's use of the **MERMAID VODKA**, **MERMAID VODKA MADE IN USA**, and **GET HOOKED ON MERMAID VODKA** marks and designs is without Plaintiff's consent and is likely to cause confusion, mistake, or deception and constitutes direct infringement of Plaintiff's federal trademark rights, in violation of Title 15 U.S.C. § 1114. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as set forth in the prayer for relief.

## COUNT II: FEDERAL UNFAIR COMPETITION, FALSE REPRESENTATION, AND FALSE DESIGNATION OF ORIGIN

33. Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 32, inclusive above.

34. The acts complained of aforesaid actually deceive and are likely to deceive the public into believing, falsely, that Defendants' services are those of, sponsored or approved by, or are in some way connected with Plaintiff, all to the irreparable injury of Plaintiff's trade and goodwill and to the injury of the public.

35. The aforesaid acts constitute federal unfair competition in the form of passing off, false representation, false advertising, and false designation of origin, all in direct violation of 15 U.S.C. § 1125(a).

**WHEREFORE**, Plaintiff prays for judgment against Defendant as set forth in the prayer for relief.

## COUNT III: CANCELATION OF FEDERAL REGISTRATION

36. Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 35, inclusive above.

37. This Count arises under § 2(d) of the Lanham Act (15 U.S.C. § 1052(d)).

10

38. Defendant filed U.S. Trademark Applications well after Plaintiff registered its **MERMAID VODKA, MERMAID VODKA MADE IN USA, and GET HOOKED ON MERMAID VODKA** marks and designs.

39. Defendant filed to register these marks with full knowledge of Plaintiff's prior rights to the **MERMAID VODKA, MERMAID VODKA MADE IN USA, and GET HOOKED ON MERMAID VODKA** marks and designs.

40. Due to Plaintiff's prior rights, Defendant's U.S. Trademark Application Serial No. 90160744 should be canceled.

## COUNT IV: FLORIDA TRADEMARK INFRINGEMENT

41. Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 43, inclusive above.

42. This Court has supplemental jurisdiction over this cause of action and has jurisdiction pursuant to 28 U.S.C. § 1338(b).

43. Defendant's use of the Isle of Wight **MERMAID** marks is without the permission or authorization of Plaintiff is likely to cause confusion, mistake and deception among consumers and the public generally.  Despite such a likelihood of public confusion, mistake or deception, Defendant has continued to use and is presently using the Isle of Wight **MERMAID** marks and disregarding Plaintiff's demand that Defendant cease this activity.

44. Upon information and belief, Defendant's continued use of the Isle of Wight **MERMAID** marks is likely to injure the activity and reputation of Plaintiff, will diminish the distinctive quality of Plaintiff's source identifying mark, and cause irreparable injury to Plaintiff's trade and goodwill and to the public.

45. Defendant's wrongful acts constitute common law trademark infringement in Florida.

46. The aforesaid acts of Defendant are greatly and irreparably damaging to Plaintiff and will continue to be greatly and irreparably damaging to Plaintiff unless enjoined by this Court, and Plaintiff is without an adequate remedy at law.

## COUNT VI: FLORIDA UNFAIR COMPETITION

47. Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 46, inclusive above.

48. This Court has supplemental jurisdiction over this cause of action and has jurisdiction pursuant to 28 U.S.C. § 1338(b).

49. As described more fully herein, Defendant's wrongful acts constitute common law unfair competition in that said acts:

    a) enable and will continue to enable Defendant to obtain the benefit of and trade on Plaintiff's goodwill;

    (b) damage and will continue to damage Plaintiff's goodwill in that Plaintiff does not have control over Defendant's operation; and

  (c) cause, have caused, and are likely to continue to cause confusion, mistake, or deception in the minds of the public.

50. The aforesaid acts of Defendant are greatly and irreparably damaging to Plaintiff and will continue to be greatly and irreparably damaging to Plaintiff unless enjoined by this Court, and Plaintiff is without an adequate remedy at law.

  **WHEREFORE**, Plaintiff prays for judgment against Defendant as set forth in the prayer for relief.

### COUNT VII: FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES

51. Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 50, inclusive above.

52. This Count arises under Fla. Stat. §§ 501.201–213. This Court has supplemental jurisdiction over this cause of action and has jurisdiction pursuant to 28 U.S.C. § 1338(b).

53. Defendant has engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices through its unlawful use of the Isle of Wight **MERMAID** marks.

  **WHEREFORE**, Plaintiff prays for judgment against Defendant as set forth in the prayer for relief.

### PRAYER FOR RELIEF

  **WHEREFORE**, Plaintiff respectfully requests:

1. That Defendants and their officers, directors, agents, owners, employees, representatives, attorneys, and all others acting under or in concert with them, or with any of them, be forthwith preliminarily and permanently enjoined and restrained from: a) infringing Plaintiff's rights to the Plaintiff's mark; using the **MERMAID VODKA, MERMAID VODKA MADE IN USA, and GET HOOKED ON MERMAID VODKA** marks and designs or any variation of the designation **MERMAID,** including the Isle of Wight **MERMAID** marks or any colorable imitation thereof on Defendant's websites, social media sites, on third-party websites, letterhead, signage, advertising, or promotional material, either in print or broadcast or electronic form or other forms either separately or compositely with other words, symbols or devices, as a corporate or trading name or as a trademark, in connection with consignment and thrift stores; b) in any manner imitating Plaintiff's **MERMAID VODKA, MERMAID VODKA MADE IN USA, and GET HOOKED ON MERMAID VODKA** marks and designs, for the purpose of acquiring Plaintiff's trade and goodwill by imitation, fraud, mistake or deception; and c) unfairly competing with Plaintiff in any manner whatsoever.

2. An order holding that Defendant's activities complained of herein constitute federal trademark infringement; federal unfair competition, false representation, and false designation of origin; Florida unfair trade practices; and trademark

infringement, unfair competition under Florida law and Florida Deceptive and Unfair Trade Practices Act.

3. An order canceling Defendant's U.S. Trademark Registration No. 6207886 **NAKED MERMAID** and denying registration of U.S. Trademark Serial No. 90160744 for the **MERMAID GIN SMALL BATCH ISLE OF WIGHT** and U.S. Trademark Serial No. 88775612 **WIGHT MERMAID.**

4. An order directing Defendants to file with this Court and to serve on Plaintiff within thirty (30) days after service of the injunction a report, in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction and any further orders of this Court.

5. That Defendants and their agents, employees, representatives, and all others acting under their direction or control or in concert with them, or any of them, be ordered to immediately deliver up for destruction all product, labels, packaging, containers, tags, advertising materials, catalogs, promotional material, flyers, signs, disks, tapes and any and all other materials which bear any resemblance to Plaintiff's **MERMAID VODKA, MERMAID VODKA MADE IN USA, and GET HOOKED ON MERMAID VODKA** marks and designs, or any colorable imitation thereof or any other designation which contains or consists of variations on Plaintiff's **MERMAID** mark.

6. Joint and several liability for damages and a trebling of same, profits, and costs of suit, pursuant to 15 U.S.C. § 1117(a).

7. Awarding Plaintiff damages to the full extent provided by Florida common law.

8. An award of attorneys' fees due to the exceptional nature of this case, pursuant to 15 U.S.C. § 1117(a).

9. Any other relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 31, 2021            Respectfully submitted,

By: /s/ Allison Mangan
Thomas W. Brooke
Virginia Bar No. 32388 (*pro hac vice* pending)
HOLLAND & KNIGHT LLP
800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
202.663.7271
thomas.brooke@hklaw.com

Allison Mangan
Florida Bar No. 1025549
HOLLAND & KNIGHT LLP
100 North Tampa Street, Suite 4100
Tampa, Florida 33602
813.227.6312
allison.mangan@hklaw.com

*Attorneys for Plaintiff*
**MERMAID MAFIA, LLC**

#150284144_v2